IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CHICO NORWOOD                                                                    PLAINTIFF

V.                              NO: 5:13CV00026 BSM/HDY

ARKANSAS DEPARTMENT
OF CORRECTION                                                                   DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge (if such a hearing is granted) was not offered at the
        hearing before the Magistrate Judge.

1

    3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Chico Norwood, a former Arkansas Department of Correction inmate, filed this *pro se* complaint, pursuant to 42 U.S.C. § 1983, alleging that he was denied adequate law library access, which caused him to be unable to prepare properly for a child support case. Plaintiff filed an amended complaint on February 27, 2013. On May 28, 2013, Defendant Paula Coleman filed a motion to dismiss, along with a brief in support (docket entries #12 & #13). Although Plaintiff has been granted additional time to respond (docket entry #17), he has not done so.

### I. Standard of review

Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to

raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570.

Nevertheless, in *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Supreme Court emphasized that when ruling upon a motion to dismiss in a § 1983 action, a *pro se* complaint must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).

## II. Analysis

According to Plaintiff's amended complaint, he requested a law library pass from Coleman on November 14, 2012. Coleman told Plaintiff that he could come to the library on his regularly scheduled days of Wednesday night and Sunday morning. After Plaintiff filed a grievance, and complained to a captain and the warden, Coleman granted him a library pass on November 28, 2012. According to the amended complaint, Plaintiff had at that time 30 days to work on his case (docket entry #4, page #4). Although Plaintiff alleged generally that he was denied adequate access to the law library, and that he was unable to properly prepare for a child support hearing, he has failed to explain how Coleman's actions prevented him from preparing for the hearing. Additionally, Plaintiff's amended complaint indicates that his case was in court at the time he filed the amended complaint (docket entry #4, page #6), and he has not explained how he was harmed by any alleged delay. *See Myers v. Hundley*, 101 F .3d 542, 544 (8th Cir. 1996) (to state a claim for denial of meaningful court access, inmates must assert that they suffered an actual injury to pending or contemplated legal claims). Accordingly, Defendant's motion should be granted.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion to dismiss (docket entry #12) be GRANTED, and Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

2. This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __30__ day of July, 2013.

_____
UNITED STATES MAGISTRATE JUDGE